UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PERRY,<br><br>Defendant. | No. 2:13-cr-00049-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION FOR ONE YEAR RCC/HALFWAY HOUSE PLACEMENT** |

This matter is before the Court pursuant to *pro se* Defendant Robert Perry's ("Defendant") Motion for Judicial Recommendation for Length of Residential Re-Entry Center ("RRC") or Halfway House Placement. (ECF No. 41.) Defendant's motion seeks a judicial recommendation to the Federal Bureau of Prisons ("BOP") for placement in a halfway house for twelve months preceding his release from confinement. (ECF No. 41 at 2.) The Government has not filed a response. The Court has carefully considered Defendant's arguments. For the reasons set forth below, Defendant's Motion for Judicial Recommendation (ECF No. 41) is hereby DENIED.

**I.  PROCEDURAL HISTORY**

Defendant pled guilty pursuant to a written plea agreement to Counts 1 and 2 of the Indictment. (ECF No. 26, 28.) On March 25, 2014, Judge Lawrence K. Karlton sentenced Defendant to a term of 92 months in prison followed by three years of supervised release. (ECF No. 39.) Judge Karlton has since retired from the bench and passed away. On December 29,

1

2016, Defendant submitted his motion to the Court. (ECF No. 41.) On January 3, 2017, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 42.)

**II. LEGAL STANDARD**

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010). Section 3621(b) "governs the BOP's authority in cases where a prisoner who has more than a year left to serve his or her prison sentence requests a transfer to a [RRC]." *Id.* Section 3624(c)(1), as amended by the Second Chance Act of 2007, provides that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). A sentencing court may make a recommendation that a prisoner serve a term of imprisonment in an RRC. 18 U.S.C. § 3621(b). A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has "no binding effect" on the BOP to determine or change a prisoner's placement. 18 U.S.C. § 3621(b).

**III. ANALYSIS**

Defendant seeks a judicial recommendation from this Court to the BOP for placement in a halfway house for the statutory maximum amount of time (12 months). (ECF No. 41 at 2.) Defendant acknowledges that the Court's recommendation would not be binding and "that the ultimate decision regarding the amount of halfway house time…will be left to the discretion of the BOP." (ECF No. 41 at 4.) Defendant believes that time in a halfway house "would greatly benefit [him] in the challenging process of making a successful return to the community." (ECF No. 41 at 4.) Defendant cites the relevant statutes and precedent regarding the BOP's authority in this matter, states that he has taken "several classes," and expresses his desire to make better choices in a new environment after his release. (ECF No. 41 at 3–4.)

Courts have occasionally granted motions for recommendations when the motion included significant information about the prisoner's activities since sentencing and the extent of his efforts

and progress toward rehabilitation while in prison. *See United States v. Baker*, No. 3:01-CR-94-01-MHT, 2013 WL 355867, at *1–2 (M.D. Al. Jan. 29, 2013) (citing substantial evidence of prisoner's stellar prison record and recommendations from two BOP supervisors);[1] *United States v. Brattin*, No. 2:13-CR-0161-JAD-CWH-1, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016) (granting motion where prisoner was an orderly with a gate pass, a low security risk permitted to leave the facility to conduct his duties, good disciplinary record, and would spend at least 4.5 months in an RRC based on a recommendation of a team in BOP); *United States v. Bartels*, No. 12-CR-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016) (finding prisoner was a good prospect for successful rehabilitation because he was relatively young, cooperated with prosecutors in his case, and participated in five BOP rehabilitation programs); *United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, at *1–2 (D. Haw. Mar. 15, 2017) (citing prisoner's good conduct and compliance with release conditions during six years of pretrial release and two years of appeal release, lack of prior criminal history, and completion of multiple prison rehabilitation classes).

In contrast, courts denied motions for recommendations far more frequently, particularly when the court had little information about the prisoner's record in prison and the BOP would therefore be in a better position to evaluate the issue. *See United States v. Tevino*, No. C-01-324(1), 2010 WL 3703663, at *1 (S.D. Tex. Sept. 14, 2010) (declining to recommend because the court had no knowledge of the prisoner's conduct over his ten years in prison and deferred to the BOP); *United States v. Smith*, No. 2:10-CR-154-DBH, 2011 WL 5842567, at *1 (D. Me. Nov. 18, 2011) (deciding the court had no reason to distinguish the prisoner from other inmates and deferred to the BOP); *United States v. Anderson*, No. 10-20437-CR-JEM, 2012 WL 12893422, at *1 (S.D. Fla. Aug. 1, 2012) (finding the prisoner's motion was unpersuasive and the BOP was in the best position to evaluate this issue); *United States v. Landers*, No. 6:09-CR-0893-10-JMC, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013) (deciding the court was unfamiliar with the

---

[1] While in prison, the prisoner obtained his GED. He enrolled in nearly every class and rehabilitation program available and developed "truly amazing" skills in welding, mechanical engineering and repair, high voltage electrical work, etc. The prisoner trained other inmates, and BOP supervisors sought his assistance. The prisoner maintained extremely strong ties with his wife and children. Two BOP supervisors wrote strong recommendations.

3

prisoner's confinement record, he did not provide support for accomplishments he claimed, and the BOP was best situated to evaluate RRC placement); *United States v. Statzer*, No. 1:08-CR-024-020, 2016 WL 5940926, at *2 (W.D. Va. Oct. 13, 2016) (citing the BOP's exclusive statutory authority and sole discretion, found the BOP was in the best position to determine the proper placement of the prisoner); *United States v. Huynh*, No. 12-CR-0456-PJH-2, 2016 WL 6025463, at *2 (N.D. Cal. Oct. 14, 2016) (determine the BOP was in a much better position than the court to consider the prisoner's request); *United States v. Collins*, No. 14-CR-0515-PJH-1, 2016 WL 5957618, at *2 (N.D. Cal. Oct. 14, 2016) (declining to recommend because the prisoner began her sentence just six months earlier and the BOP would be in a better position to evaluate placement in an RRC when the time came); *United States v. Gutierrez*, No. 1:11-CR-0354-LJO, 2016 WL 7404688, at *5 (E.D. Cal. Dec. 21, 2016) (agreeing with the government's argument that the prisoner only needed six months in a RRC, and prisoner did not dispute that argument).

  The Court appreciates Defendant's request and his desire to rehabilitate and rejoin society. The undersigned, however, did not sentence Defendant and does not have enough information to make an informed recommendation to the BOP. Defendant provided very limited information in his motion and has not persuaded the Court that a recommendation is appropriate. The undersigned believes that, at this time, the BOP is in the best position to evaluate Defendant's placement and is not prepared to make a recommendation to the BOP.

  Accordingly, Defendant's Motion for Judicial Recommendation (ECF No. 41) is hereby DENIED.

  IT IS SO ORDERED.

Dated: April 27, 2017

                 Troy L. Nunley
                 United States District Judge